**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **CASE NO: 2:07-CR-14-SRW** |
| ) | |
| **MARIA HINTON** ) | |

**MOTION TO DISMISS INFORMATION OR
IN THE ALTERNATIVE CONTINUE TRIAL**

    **NOW COMES** the Defendant, Maria Conchi Hinton ("Mrs. Hinton"), by and through undersigned counsel, Patricia Kemp, and respectfully moves this Court to dismiss the information filed in this case based on the government's failure to produce information and materials in discovery pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(A) and (B), and this Court's February 4, 1999 Standing Order on Criminal Discovery. In the alternative, undersigned counsel respectfully moves this Court for an Order continuing this matter from the May 7, 2007 trial calendar. In support of this motion, the Defendant would show the following:

    1.    On April 17, 2007, a pretrial diversion request was submitted on Mrs. Hinton's behalf to both United States Attorney Kent Brunson ("Mr. Brunson"), and Special Assistant United States Attorney Reese Hays, III ("Mr. Hays").

    2.    After having received no response from either Mr. Brunson or Mr. Hays, on May 1, 2007, undersigned counsel for Mrs. Hinton contacted both government attorneys regarding whether the pretrial diversion request would be granted.

3.     After initially receiving some conflicting information, defense counsel was informed by Mr. Hays that the pretrial diversion request was not being granted based on his allegations that Mrs. Hinton had previously made a false official statement to obtain discharge from the military.

4.     This false statement has never been mentioned to defense counsel before today. No such statement has ever been turned over in discovery.

5.     Government counsels' failure to provide Mrs. Hinton with a timely response to her pretrial diversion request until now, a few days before trial, is highly unreasonable and has prejudiced Mrs. Hinton. Notably, government counsels' response had to be prompted by defense counsel. Thus, it is entirely reasonable to conclude that had defense counsel not sought a response from government counsel, Mrs. Hinton would still be awaiting a response to her pretrial diversion request.

6.     Government counsel's mention of alleged new evidence of a false statement made by Mrs. Hinton, so close to the trial date, is improper, prejudicial to Mrs. Hinton's preparation for trial, and violates both the federal rules of criminal procedure and this Court's Standing Order on discovery.

7.     Pursuant to Federal Rule of Criminal Procedure(a)(1)(A), "the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial."

8. Federal Rule of Criminal Procedure(a)(1)(B) provides that the government "must disclose to the defendant, and make available for inspection, copying, or photographing, . . . any relevant written or recorded statement by the defendant if: the statement is within the government's possession, custody or control; and the attorney for the government knows - or through due diligence could know - that the statement exists."

9. Federal Rule of Criminal Procedure 16(d) addresses the issue of a party's failure to comply with the rules of discovery. It says, in pertinent part, that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection, . . . or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). A court sanction for failure to comply with the rules of discovery, in certain circumstances, may take the form of an Order of Dismissal. *See United States v. White*, 846 F.2d 678 (11th Cir.1998). Furthermore, the district court's decision concerning the imposition of a Rule 16(d)(2) sanction is a matter committed to the court's sound discretion, and will not be disturbed on appeal absent an abuse of discretion. *United States v. Fernandez*, 780 F.2d 1573, 1576 (11th Cir. 1986).

10. In formulating the appropriate sanction against the Government for discovery violations, the court must look at: (1) the circumstances surrounding the discovery violation, (2) whether the Government was acting in good faith, (3) the prejudice suffered by the defendant and (4) the feasibility of curing the prejudice through some form of sanction. *United States v. Turner*, 871 F.2d 1574, 1580. (11th Cir. 1989). After reviewing these factors

3

the court may order dismissal of an information if it deems the circumstances warrant it. *See United States v. White*, 846 F.2d 678, 693 (11th Cir.1998).

11. The newly disclosed evidence in this case should have been previously produced in discovery pursuant to Rule 16 and this Court's Standing Order on Criminal Discovery. Because undersigned counsel did not received any information regarding this evidence in a timely manner, she cannot effectively represent and communicate with her client, or appropriately investigate and prepare a defense strategy on the basis of incomplete information by the time of trial, currently set for May 7, 2007. Further, it appears that undersigned counsel may have never received any information regarding this new evidence had counsel not sought the government's response to Mrs. Hinton's pretrial diversion request.

12. The Government has made the decision to pursue criminal charges against Mrs. Hinton, and it is, therefore, their responsibility to comply with the rules and law that govern their prosecution. The government's failure to previously provide defense counsel with the new evidence disclosed to defense counsel today has seriously hindered investigations on Mrs. Hinton's behalf, and makes dismissal of the information an appropriate sanction in this case.

13. However, should this Court find that dismissal of the information is not an appropriate sanction, defense counsel anticipates needing a sufficient amount of time to investigate the validity of the newly disclosed evidence, and does not feel that such an investigation can be completed prior to May 7, 2007. Therefore, in the alternative, undersigned counsel respectfully requests that this matter be continued from the May 7, 2007 trial calendar.

**WHEREFORE**, the Defendant respectfully prays that this Motion be granted.

Respectfully submitted,

*s/Patricia Kemp*
PATRICIA KEMP
ASB-4592-R80K
Attorney for Maria Conchi Hinton
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: patricia_kemp@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Kent Brunson, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104 and Reese Hays, III, Special Assistant United States Attorney, 50 LeMay Plaza South, Maxwell AFB, AL 36112.

s/Patricia Kemp
**PATRICIA KEMP**
ASB-4592-R80K
Attorney for Maria Conchi Hinton
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: patricia_kemp@fd.org