IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cr-14-SRW |
| | ) | |
| MARIA HINTON | ) | |

**GOVERNMENT RESPONSE TO MOTION TO DISMISS OR IN THE ALTERNATIVE CONTINUE TRIAL**

**COMES NOW** the United States, pursuant to Rule 16, *Federal Rules of Criminal Procedure*. The government responds that this honorable court not to dismiss the charge because the information and materials are not required to be produced pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(A) or (B). In support of this response the government submits the following:

1. The government provided all of its discoverable information and items to Ms. Hinton's second defense attorney, Patricia Kemp, on March 6, 2007, when Ms. Hinton was arraigned.

2. As of April 17, 2007 the pretrial diversion request had not been received by anyone at the Maxwell Air Force Base Legal Office. The pre-trial diversion request was submitted to Kent Brunson at the United States Attorney's Office and indicates it was served on Amber Brugnoli and undersigned counsel; however, neither Amber Brugnoli nor undersigned counsel have ever received a copy of the pre-trial diversion request from the defendant.

3. On May 1, 2007, undersigned counsel spoke to Ms. Kemp and advised her that the Maxwell Air Force Base Legal Office would not be recommending pre-trial

diversion to the United States Attorney, Leura Canary, for several reasons, including the false official statement Ms. Hinton had provided to an official of the United States Air Force to secure her discharge from the United States Air Force.

4. Ms. Hinton's false official statement and subsequent discharge from the United States Air Force prohibited the pending criminal action she was facing in military court for her misconduct unless approved by the Secretary of the Air Force. Ms. Hinton made this oral false official statement to obtain her discharge from the United States Air Force a day after being served notice of her charges in military court.

5. The United States Attorney has in her discretion the ability to grant pre-trial diversion against individuals whom a prosecutable case exists and who does not violate the enumerated requisites in the United States Attorney's Manual, § 9-22.100.

6. Ms. Hinton has not been charged with providing this false official statement that obtain her discharge from the United States Air Force.

7. Federal Rule of Criminal Procedure (a)(1)(A) requires "the government to disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial."

8. The false official statement is not relevant to the pending charges against her in this case. The government does not intend to use the false official statement at trial. It was simply one of the factors Maxwell Air Force Base Legal Office considered in recommending against Ms. Hinton not be allowed to take advantage of the pre-trial diversion program. Pursuant to the United States Attorney Manual, § 9-22.100, Ms.

Canary has sole discretion to determine whether Ms. Hinton will be able to participate in the pre-trial diversion program of the United States Attorney's Office.

9. Furthermore, the statement was not made "in response to interrogation by a person the defendant knew was a government agent." Rather, Ms. Hinton made this statement upon her own free will, without any questioning whatsoever, and to clerical staff who work for the Separations Section of Military Personnel, having no affiliation with law enforcement.

10. Federal Rule of Criminal Procedure (a)(1)(B) provides that the government must disclose to the defendant, and make available for inspection, copying, or photographing…any relevant written or recorded statement by the defendant…"

11. The false official statement made by Ms. Hinton to the clerical staff was not a written or recorded statement. *See United States v. Siraj*, 468 F. Supp. 2d 408, 418 (E.D.N.Y. 2007) (stating that the mere fact of summarizing an oral statement does not transform it to a written/recorded statement).

12. Again, this statement is not relevant to the pending charges against her in this case, but instead used as one of the determining factors for Ms. Canary to consider, while utilizing her broad discretion, whether Ms. Hinton would be allowed to participate in the pre-trial diversion program.

13. For these reasons above, the sanction of dismissal requested by defense counsel is not warranted in this situation.

Dated this 10th day of May 2007.

/s/ Reese H. Hays
REESE H. HAYS
Special Assistant United States Attorney
42 ABW/JA
50 LeMay Plaza South
Maxwell AFB AL  36112-6334
(334) 953-2786/2789

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**  ) | |
|                                ) | |
|     **v.**                     ) | Case No.: 2:07-cr-14-SRW |
|                                ) | |
| **MARIA HINTON**               ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Patricia Kemp, Assistant Federal Defender, 201 Monroe St., Suite 407, Montgomery, Alabama, 36104.

                                              Respectfully submitted,

                                              s/Reese H. Hays
                                              REESE H. HAYS
                                              Special Assistant United States Attorney

                                              42 ABW/JA
                                              50 LeMay Plaza South
                                              Maxwell AFB AL  36112-6334
                                              (334) 953-2786/2789