IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr14-SRW |
| | ) | |
| MARIA HINTON | ) | |

## **ORDER**

Defendant's motion to dismiss, filed May 10, 2007 (Doc. # 16), asks the court to dismiss this case "based on the government's failure to produce information and materials in discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and (B)." Motion at 1. Specifically, defendant maintains that the government failed to disclose an allegedly false statement made by defendant to an official of the United States Air Force to secure her discharge from the Air Force. She contends that "[g]overnment counsel's mention of alleged new evidence of a false statement made by Ms. Hinton, so close to the trial date, is improper, prejudicial to Mrs. Hinton's preparation for trial, and violates both the federal rules of criminal procedure and this Court's standing order on discovery." Id. at 2.

The government acknowledges that it did not inform defense counsel of Hinton's statement until May 1, 2007, when counsel were discussing the possibility of pre-trial diversion, six days before trial. However, the government maintains that "[t]he false official statement is not relevant to the pending charges against" defendant in this case, nor does the United States intend to use the statement at trial. Instead, the statement "was simply one of the factors Maxwell Air Force Base Legal Office considered in recommending against Ms. Hinton not be allowed to take advantage of the pre-trial diversion program." Response at 2

(Doc. #18). Further, the government argues that the statement was not made in response to interrogation by a government agent, nor was it a written or recorded statement for purposes of the rules.

"Where the court detects even a clear violation of a discovery order, it must weigh the circumstances surrounding the violation and impose the least severe sanction needed to elicit compliance with its orders." United States v. Perez, 960 F.2d 1569, 1572 -1573 (11th Cir.1992) Dismissal is an extreme sanction.  See United States v. Jordan, 316 F.3d 1215, 1249 n. 68 (11th Cir. 2003) (citation omitted) ("Although the district court has the discretion to dismiss an indictment on grounds of prosecutorial misconduct, see, e.g., United States v. Holloway, 778 F.2d 653, 655 (11th Cir.1985), it is well established that 'dismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized.'"). "Factors to be considered by the district court when imposing a sanction for failure to comply with rule 16 include: (1) the reasons for the delay in complying with the  discovery order; (2) whether the government acted in bad faith; (3) whether the defendant was prejudiced; and (4) the availability of alternate means to cure the prejudice, including continuances and recesses." United States v. Christopher, 923 F.2d 1545, 1554 -1555 (11th Cir. 1991).

In this case, any prejudice caused by the late revelation of defendant's prior statement – assuming, *arguendo*, that Rule 16 compelled its disclosure – has been cured by the continuance of the trial of this case from the May 7, 2007 trial term to the July 9, 2007 trial term.  Accordingly, it is

ORDERED that the motion to dismiss be and hereby is DENIED.

DONE, this 15th day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE