IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 2:07-CR-14-SRW |
| ) | |
| MARIA HINTON ) | |

**DEFENDANT'S RENEWED MOTION TO DISMISS**

**NOW COMES** the Defendant, Maria Conchi Hinton ("Mrs. Hinton"), by and through undersigned counsel, Patricia Kemp, and respectfully renews the Defendant's motion to dismiss filed on May 1, 2007 (Doc. #16). In support of this motion, the Defendant asserts the following:

On May 1, 2007, a "Motion to Dismiss Information or In the Alternative Continue Trial" ("Motion to Dismiss") (Doc. # 16) was filed on behalf of the Defendant. That motion, in part, sought dismissal of the pending case based on the government's violation of the rules of discovery, and prejudice caused to Mrs. Hinton by its failure to produce any information concerning a false statement alleged to have been made by Mrs. Hinton until four business days before trial.

The Defendant's Motion to Dismiss further notified this Court that the Special Assistant to the United States, Captain Reese Hays ("Mr. Hays"), had asserted this alleged false statement as justification for denial of the pretrial diversion request submitted to the government on Mrs. Hinton's behalf on April 17, 2007. At the time of the filing of the Defendant's Motion to Dismiss, the United States Attorney Office had not responded to the request for pretrial diversion. However, on May 1, 2007, in a joint telephone conference with United States Attorney Kent Brunson ("Mr. Brunson"), Mr. Hays, and defense counsel, Mr. Brunson stated that he was not recommending against approval of diversion.

On May 1, 2007, this Court entered an Order granting continuance of this case until July 9, 2007, and mandating that the United States respond to Mrs. Hinton's Motion to Dismiss by May 15, 2007. (Doc. # 17).

On May 10, 2007, the United States filed "Government Response to Motion to Dismiss or in the Alternative Continue Trial"(Doc. 18). In that response, the United States asserted,

> The false official statement is not relevant to the pending charges against her in this case. The government does not intend to use the false official statement at trial. It was simply one of the factors Maxwell Air Force Base Legal Office considered in recommending against Ms. Hinton not be allowed to take advantage of the pre-trial diversion program. Pursuant to the United States Attorney Manual, § 9-22.100, Ms. Canary has sole discretion to determine whether Ms. Hinton will be able to participate in the pre-trial diversion program of the United States Attorney's Office.

(Doc. # 18, ¶8).

On May 15, 2007, this Court entered an Order (Doc. #19) denying Mrs. Hinton's Motion to Dismiss. This Court explained that "any prejudice caused by the late revelation of defendant's prior statement -assuming , *arguendo*, that Rule 16 compelled its disclosure - has been cured by the continuance of the trial of this case from the May 7, 2007 trial term to the July 9, 2007 trial term." Notably, the government has yet to make full disclosure of all of the information concerning the alleged false statement.

In this case, a misdemeanor information was filed on January 24, 2007, charging Mrs. Hinton with shoplifting a pair of children's jeans and a bottle of men's cologne from the Army/Air Force Exchange Service on November 9, 2006. The pair of jeans was valued at $19.00, and the cologne was valued at $59.00. (Doc. # 1).

On May 3, 2007, defense counsel made an oral request to Mr. Hays to view the original

surveillance videotape, and the physical items Mrs. Hinton is accused of shoplifting. On May 11, 2007, defense counsel was informed in a telephone conference with Mr. Hays that the physical items were available for inspection, and that defense counsel could view the original surveillance tape. Defense counsel tentatively made arrangements to view this evidence on May 15, 2007 at 10:00 a.m., and sent Mr. Hays a letter asking that the inspection time be confirmed.

On May 14, 2007, defense counsel was contacted via telephone by Lieutenant McPherson ("Ms. McPherson") on behalf of Mr. Hays. Ms. McPherson notified defense counsel that, in fact, the actual items alleged to have been shoplifted were not available for inspection, but that counsel could inspect photographs of the evidence, and the surveillance tape.

On May 15, 2007, defense counsel traveled to the Maxwell Air Force Base to view the evidence. The defense was informed that the physical items were no longer available for inspection because they had been restocked for resale. Specifically, defense counsel was informed that because the shoplifted items were valued at less than $100, they were restocked for resale. As a result, only a surveillance tape, and one Polaroid picture of the alleged shoplifted items was available for viewing.

Federal Rule of Criminal Procedure 16(a)(1)(E) creates a duty for the government to preserve evidence for discovery in cases it chooses to prosecute. That rule provides,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph, books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case -in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

3

In *United States v. Nabors*, 707 F.2d 1294, 1296 (11th Cir. 1983), the government mistakenly destroyed drug evidence two months before trial. As a result, the defendant was denied his right, under due process, to have the substances analyzed by a defense expert. Although ultimately holding that the mistaken destruction of the evidence did not warrant the exclusion of testimony regarding the nature of the material by a government witness, the Eleventh Circuit concluded that "[t]he government ha[d] a concomitant responsibility to try in good faith to preserve important material and to locate it once the defendant move[d] for discovery." *Id.*(citing *Armstrong v. Collier*, 536 F.2d 72, 78 (5th Cir.1976) and *United States v. Bryant*, 439 F.2d 642, 651 (D.C.Cir.1971)).

The shoplifted items in this case are material to the preparation of Mrs. Hinton's defense at trial. The affidavit attached to Mrs. Hinton's information indicates that "a pair of children's jeans, . . . and a bottle of men Issey Miyake men's perfume" had been stolen. (Doc. #1). The government has disclosed a surveillance tape of Mrs. Hinton shopping at the Army/Air Force Exchange Service. The video footage shows Ms. Hinton placing an unidentified bottle of perfume, a pair of children's size jeans, and a white skirt in her shopping cart. The video surveillance footage does not show Mrs. Hinton stealing, concealing any of these items on her person or in her purse, or otherwise acting in a suspicious manner. The video turned over in discovery does not contain any footage of Mrs. Hinton being searched. There is no video footage of any shoplifted items being taken from Mrs. Hinton's person or purse after she was detained by store security guards.

Defense counsel had been provided with a grainy, black and white copy of a picture of the alleged shoplifted items. On May 15, 2007, defense counsel was allowed to see the single, original color Polaroid photograph of these items. Arguably, the jeans in the photograph do not resemble, in

4

size or design, the jeans Mrs. Hinton places in her cart on the surveillance video. In addition, the photograph is such that no determination can be made as to whether the perfume in the photograph is the same brand or type of perfume Mrs. Hinton is charged with taking.

The Fifth Amendment to the United States Constitution mandates that no person shall be made to answer to criminal charges without due process of law.

> Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. [The U.S. Supreme Court has] long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense. To safeguard that right, the Court has developed "what might loosely be called the area of constitutionally guaranteed access to evidence."

*California v. Trombetta*, 467 U.S. 479, 485 (1984).

In *California v. Trombetta*, the U.S. Supreme Court addressed the government's duty to take affirmative steps to preserve evidence on behalf of criminal defendants where evidence has been destroyed either through prosecutorial neglect or oversight. In this case, police had failed to preserve breath samples of a suspected drunk driver, thereby preventing the defendant from being able to admit at trial breathalyzer test results from an independent examination. The Supreme Court advised,

> Whatever duty the Constitution imposes on the [government] to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, see *United States v. Agurs*, 427 U.S., at 109-110, 96 S.Ct., at 2400, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*Id*., at 488-89.

Relying on *Killian v. United States*, 368 U.S. 231 (1961), the Supreme Court in *California v. Trombetta* held that the failure to preserve the breath samples did not violate the Constitution because (1) the police did not intentionally destroy the samples to circumvent disclosure, (2) the preservation of the samples would not have been exculpatory due to the inaccuracies associated with the testing of such samples, and (3) there were alternative means available to demonstrate the defendant's innocence such as arguing that there were defects in the testing machine and the operational procedures. *Id.*, at 488-490. However, the present case is factually distinguishable from the facts in *California v. Trombetta*.

The exculpatory value of the clothing and perfume in this case cannot be determined with any certainty, precisely because the government lost the evidence. However, if the lost evidence were not the same items as those pictured in the photograph disclosed by the government, the exculpatory value of the evidence would have been both crucial to this case, and apparent to the government before the items were lost.

> But the government's conduct has deprived the defendant, and the courts, of the opportunity to determine with certainty the import of this evidence: it has "interfere[d] with the accused's ability to present a defense by imposing on him a requirement which the government's own actions have rendered impossible to fulfill." (citation omitted). Good faith or not, this is intolerable.

*Arizona v. Youngblood*, 488 U.S. 51, 68 (1988)(Blackmun, J., dissenting). Furthermore, neither the government nor the defendant can obtain comparable evidence by other reasonably available means. The video surveillance tape does not provide clear footage showing the kind of men's perfume Mrs. Hinton is alleged to have taken. The Polaroid photograph is not clear enough to allow for a determination either whether the jeans in the photograph and the video are the same, or whether the

men's perfume Mrs. Hinton places in her cart is the same perfume she is charged with taking.

Examination of the actual items alleged to have been shoplifted in this case is critical to defense counsel's ability to defend this case. The government's discovery violation has denied Mrs. Hinton her due process right to inspect the evidence, and prepare her defense. *See United States v. Nabors*, 707 F.2d 1294, 1296 (11th Cir. 1983)(holding that a defendant has a due process right to perform an independent analysis of evidence, *citing United States v. Gaultney*, 606 F.2d 540, 545 (5th Cir.1979), *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981);and *Barnard v. Henderson*, 514 F.2d 744, 746 (5th Cir.1975) (criminal defendant has right to examine, through his own expert, critical evidence subject to varying expert opinion)).

The fact that the alleged shoplifted items were lost in the absence of bad faith, neither nullifies the government's violation of Federal Rule of Criminal Procedure 16, nor invalidates the harm and prejudice caused to Mrs. Hinton. *United States v. Camargo-Vergara*, 57 F.3d 993, 999 (11th Cir. 1995)("Inadvertence does not render a discovery violation harmless." citing *United States v. Noe*, 821 F.2d 604, 607 (11th Cir.1987); see also *Arizona v. Youngblood*, 488 U.S. 51, 63 (1988)(stating that there was no U.S. Supreme Court precedent requiring that "government actions that deny a defendant access to material evidence be taken in bad faith in order to violate due process."(Blackmun, J., dissenting)). Additionally, should this case proceed further, the unavailability of this evidence will result in a violation of Mrs. Hinton's right to a fair trial.

Federal Rule of Criminal Procedure 16(d) addresses the issue of a party's failure to comply with the rules of discovery. It provides, in pertinent part, that "[i]f a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection, . . . or (D) enter any

other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). A court sanction for failure to comply with the rules of discovery, in certain circumstances, may take the form of an Order of Dismissal. *See United States v. White*, 846 F.2d 678 (11th Cir.1998).

"Relief for violations of discovery rules lies within the discretion of the trial court." *United States v. Rodriguez,* 799 F.2d 649, 652 (11th Cir. 1986). "The trial court is granted broad discretion in imposing sanctions for discovery violations." *United States v. Hartley*, 678 F.2d 961, 977 (11th Cir. 1982)(citing *United States v. Watson*, 669 F.2d 1374 (11th Cir. 1982); abrogated on other grounds by *United States v. Goldin Industries, Inc.,* 219 F.3d 1268 (11th Cir. 2000)). A district court's decision concerning the imposition of a Rule 16 sanction will not be disturbed on appeal absent an abuse of discretion. *United States v. Fernandez*, 780 F.2d 1573, 1576 (11th Cir. 1986). Furthermore, the U.S. Supreme Court advised in *California v. Trombetta* that where evidence is permanently lost in violation of the Constitution, a court must choose between barring further prosecution or barring the government's most probative evidence at trial. 467 U.S. at 486-87.

> Factors for the district court to consider in deciding to impose a sanction include reasons for the delay in complying with the discovery order, whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice, including continuances and recesses.

*United States v. Turner*, 871 F.2d 1574, 1580. (11th Cir. 1989). After reviewing these factors the court may order dismissal of an information if it deems the circumstances warrant it. *See United States v. White*, 846 F.2d 678, 693 (11th Cir.1998).

Mrs. Hinton has been prejudiced by the government's discovery violation because she has been denied her due process right to prepare a defense by being denied her right to inspect the evidence against her. As the items to be inspected have been restocked for resale, and thus

permanently unavailable, there are no means to cure this prejudice, including continuances and recesses. If this case continues in the absence of this evidence, it will result in the denial of Mrs. Hinton's right to a fair trial.

> The societal interest in seeing criminals punished rightly requires that [an information] be dismissed only when the unavailability of the evidence prevents the defendant from receiving a fair trial. In a situation where the substance of the lost evidence is known, the materiality analysis laid out in *Trombetta* is adequate. But in a situation like the present one, due process requires something more. Rather than allow a [government's] ineptitude to saddle a defendant with an impossible burden, a court should focus on the type of evidence, the possibility it might prove exculpatory, and the existence of other evidence going to the same point of contention in determining whether the failure to preserve the evidence in question violated due process.

*Arizona v. Youngblood*, 488 U.S. at 69 (Blackmun, J., dissenting). In this case, the evidence lost may have proved exculpatory, and there is no other evidence which goes to the point of contention in this case.

**WHEREFORE**, the Defendant respectfully prays that this Motion to Dismiss be granted.

Respectfully submitted,

**s/Patricia Kemp**
**PATRICIA KEMP**
ASB-4592-R80K
Attorney for Defendant
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: patricia_kemp@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Kent Brunson, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104 and Reese Hays, III, Special Assistant United States Attorney, 50 LeMay Plaza South, Maxwell AFB, AL 36112.

<pre>
                              s/Patricia Kemp
                              PATRICIA KEMP
                              ASB-4592-R80K
                              Attorney for Defendant
                              Federal Defenders
                              Middle District of Alabama
                              201 Monroe Street, Suite 407
                              Montgomery, AL 36104
                              TEL:  (334) 834-2099
                              FAX:  (334) 834-0353
                              E-Mail: patricia_kemp@fd.org
</pre>