### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:07-cr-14-SRW** |
| | ) | |
| **MARIA HINTON** | ) | |

### GOVERNMENT RESPONSE TO MOTION TO DISMISS

**COMES NOW** the United States, pursuant to Rule 16, *Federal Rules of Criminal Procedure* and responds to the Defendant's Renewed Motion to Dismiss (Doc #21). The government responds that this honorable court should not dismiss the charge because the physical items are not exculpatory nor does their absence prejudice the defendant.  In support of this response the government submits the following:

1. Ms Hinton's defense attorney, Patricia Kemp, has renewed her objection to the government's alleged failure "to make full disclosure of all of the information concerning the alleged false statement." (Doc #21). The government provided all discoverable items and information to Ms. Hinton's second defense attorney, Patricia Kemp, on 6 March 2007.  As previously stated in the "Government Response to Motion to Dismiss or in the Alternative Continue Trial," (Doc #18) the false official statement made by the defendant is not relevant to the pending charges and the government does not intend to use the false official statement at trial.  Therefore, the disclosure of that statement is not required.

2. Pursuant to Maxwell Base Exchange policy, the article of clothing and bottle of perfume were returned to AAFES after they were photographed.  The items are no longer

in the government's possession and they are no longer available. The original photograph of these items is available for viewing by the defense. However, because of the distinctive nature of the Issey Miyake perfume bottle, a demonstrative exhibit could be obtained by the defense. The unavailability of these physical items does not deprive the defendant of her right to due process because the defense is able to view the photograph or watch the surveillance video and conduct an examination. Furthermore, the defense can review the affidavit submitted by the store detective. The defense can also interview the store detective who witnessed the items being taken from the store, observed the retrieval of the items from the accused, and observed the AAFES price tags for both items.

3. The government has the responsibility of preserving material evidence in good faith and to locate it once the defendant moves for discovery. *United States v. Nabors*, 707 F.2d 1294, 1296 (citing *Armstrong v. Collier*, 536 F.2d 72, 78 (5th Cir. 1976); *United States v. Bryant*, 142 U.S. App. D.C. 132, 439 F.2d 642, 651 (D.C.Cir. 1971)). The government's duty to preserve and locate material evidence in good faith was met by keeping the original photograph of the items stolen and making the surveillance video available to defense. The government has complied with Rule 16(a)(1)(E), Fed. R. Crim. P., by "permitting the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects…or copies of portions of any of these items, if the item is within the government's possession, custody, or control and: (1) the item is material to preparing the defense."

4. In *Arizona v. Youngblood*, the defendant was convicted of molesting a 10-year-old boy and the state failed to preserve some of the evidence by refrigeration. *Arizona v.*

*Youngblood*, 488 U.S. 51, 52-53 (1988).  The Supreme Court required the defendant to show bad faith by the prosecution in order to claim a violation of due process.  *Id.* at 58. In this case, the government did not intentionally lose the items.   Potentially useful evidence, as in the actual physical items shoplifted, does not have to be preserved in order to grant the defendant due process. *Id.* at 56.

5. The Supreme Court failed to impose on the police the "duty to retain and preserve all material that might be of conceivable evidentiary significance in a particular prosecution."  *Id.* at 58.  The reasoning behind the majority's opinion in *Youngblood* was to "limit the [government's] obligation to preserve evidence to reasonable bounds and….unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." *Id.* Only when the conduct of the police themselves shows that the evidence could form a basis for exonerating the defendant does justice require an obligation to preserve evidence.  *Id.*

6. As in *California v. Trombetta*, referencing *Killian v. United States*, 368 U.S. 231, 242 (1961), the authorities in this case "did not destroy [the defendant's stolen items] in a calculated effort to circumvent the disclosure requirements established by *Brady v. Maryland* and its progeny.  In failing to preserve [the stolen items] for [the defendant], the [officials] here were acting "in good faith and in accord with their normal practice." (citation omitted) The [defense alleges] no…official animus towards [the defendant] or of a conscious effort to suppress exculpatory evidence." *California v. Trombetta*, 467 U.S. 479, 488.  The government acted in good faith and in accordance

with normal AAFES practice by returning the items to be restocked which is the customary practice for stolen items under $100.

7. In order for the evidence to be deemed constitutionally material, the "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489. Neither of the conditions set by the Supreme Court in *Trombetta* are met in our case. The defense itself has admitted that the evidence may or may not have been exculpatory. (See Defendant's Renewed Motion to Dismiss, Doc #21, pg 6.) Even if the evidence proved to be exculpatory, the defense has alternative means of demonstrating her innocence by countering the videotape and/or photograph. The bottle of the perfume taken from the store, Issey Miyaka, is distinctive and the placement of the perfume in the photograph reveals that it is a bottle of Issey Miyaka. The defendant can obtain all the information necessary to provide a defense from the photograph and the video.

8. In this case, the government has acted within reasonable bounds by photographing the evidence and providing the photograph along with a surveillance video to the defense. At no time did the government operate under the assumption that these two items could form a basis for exonerating the defendant. Since there was no failure to preserve evidence known to be exonerating and since the government did not act in bad faith, the defendant was not denied due process of law.

9. The absence of this evidence will not prevent the defendant from having a fair trial. The defense is not prejudiced by no longer being able to view the actual physical

evidence because they can view the photograph of the items, the surveillance video, or, could obtain a demonstrative exhibit.

10. For these reasons, the sanction of dismissal requested by defense counsel is unwarranted in this situation.

Dated this 25th day of June 2007.


Respectfully submitted,

/s/ Reese H. Hays
REESE H. HAYS
Special Assistant United States Attorney
42 ABW/JA
50 LeMay Plaza South
Maxwell AFB, AL 36112-6334
334-953-2786/2789

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:07-cr-14-SRW** |
| | ) | |
| **MARIA HINTON** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Patricia Kemp, Assistant Federal Defender, 201 Monroe St., Suite 407, Montgomery, Alabama, 36104.

Respectfully submitted,

/s/ Reese H. Hays
REESE H. HAYS
Special Assistant United States Attorney
42 ABW/JA
50 LeMay Plaza South
Maxwell AFB, AL 36112-6334
334-953-2786/2789